**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF FLORIDA

8:26-cv-1203-MSS-NHA

**HECTOR IVAN DIAZ,**

Plaintiff,

APR 24 2026 PM3:34
FILED - USDC - FLMD - TPA

v.

**BLACK KNIGHT FINANCIAL SERVICES, INC.**

a/k/a BKI, formerly BKFS, an Intercontinental Exchange (ICE) subsidiary,

Defendant.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Hector Ivan Diaz, proceeding pro se, sues Defendant and alleges:

---

## I. JURISDICTION AND VENUE

1. This action arises under the **Family and Medical Leave Act**, 29 U.S.C. § 2601 *et seq.*
2. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question).

IFP

3. Venue is proper in the Middle District of Florida because Plaintiff resides in this District and Defendant conducts business in Florida.

---

## II. PARTIES

4. Plaintiff, Hector Ivan Diaz, is a resident of Florida.
5. Defendant, Black Knight Financial Services, Inc., is a corporation doing business in Florida and was Plaintiff's employer.

---

## III. FACTUAL ALLEGATIONS

6. Plaintiff began employment with Defendant on or about April 21, 2014.
7. Plaintiff worked for Defendant for approximately nine (9) years.
8. Plaintiff suffered from a serious health condition as defined under **29 C.F.R. § 825.113**.
9. Plaintiff was approved for FMLA leave from December 8, 2022 through March 2, 2023.
10. Following this leave, Defendant required Plaintiff to submit medical recertification.

11. Defendant claims it sent certified letters dated March 28, 2023 and April 3, 2023 requesting recertification.

12. Plaintiff did not receive these letters.

13. At the time the letters were sent:

- Plaintiff was subject to a court-issued no-contact order
- Plaintiff was legally barred from his residence
- Plaintiff had no access to his mail

14. The certified letters were signed for by Plaintiff's spouse without Plaintiff's knowledge.

15. Defendant had reason to know or should have known that Plaintiff did not receive actual notice.

16. Defendant made no reasonable effort to ensure Plaintiff received notice through alternative means.

17. Upon information and belief, Defendant terminated Plaintiff's employment approximately 30 days after the April 3, 2023 correspondence.

18. Plaintiff did not receive notice of his termination at that time.

19. Plaintiff first became aware of his termination in or about October 2023 after

directly contacting Defendant's Human Resources department.

20. Defendant failed to ensure that Plaintiff received actual notice of both the recertification requirement and the termination decision.

---

## IV. COUNT I – FMLA INTERFERENCE (29 U.S.C. § 2615(a)(1))

- 21. At all relevant times, Defendant knew or should have known that Plaintiff was unable to access his residence and mail due to a court-issued no-contact order.

  22. Defendant's failure to provide actual notice and subsequent termination under these circumstances demonstrates reckless disregard for Plaintiff's federally protected rights.

  23. As a result, Defendant's violations were willful within the meaning of 29 U.S.C. § 2617(c).
- failing to provide effective notice
- terminating Plaintiff despite lack of actual notice
- denying Plaintiff the opportunity to comply with recertification requirements

24. Plaintiff was harmed as a result.

---

## V. COUNT II – FMLA RETALIATION (29 U.S.C. § 2615(a)(2))

25. Plaintiff realleges paragraphs 1–20.

26. Plaintiff engaged in protected activity by taking FMLA leave.

27. Defendant terminated Plaintiff because of his protected leave status.

28. The stated reason ("job abandonment") was pretextual.

---

## VI. DAMAGES

29. Plaintiff suffered:

- lost wages
- lost benefits
- loss of employment
- emotional distress

30. Under the FMLA, Plaintiff is entitled to:

- back pay

- front pay or reinstatement
- liquidated damages (double damages for willful violation)
- attorneys' fees and costs

31. Defendant's violations of the FMLA were willful within the meaning of 29 U.S.C. § 2617(c).

32. Defendant knew, or showed reckless disregard for whether, its conduct violated Plaintiff's rights under the FMLA.

33. Specifically, Defendant relied on certified correspondence that was signed for by a third party and not by Plaintiff.

34. At the time the correspondence was sent, Plaintiff was legally barred from his residence due to a court-issued no-contact order and was unable to access his mail.

35. Defendant knew or should have known that Plaintiff had not received actual notice of the recertification requirement.

36. Despite this, Defendant made no reasonable effort to contact Plaintiff through alternative means, including telephone, email, or other available communication channels.

37. Defendant nevertheless terminated Plaintiff for "job abandonment," despite lacking confirmation that Plaintiff had received notice or had the ability to respond.

38. Such actions constitute reckless disregard for Plaintiff's federally protected rights under the FMLA.

---

## VII. DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

---

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

1. Judgment in his favor
2. Reinstatement or front pay
3. Back pay and benefits
4. Liquidated damages
5. Costs and any allowable attorney's fees
6. Any other relief the Court deems just

---

**Respectfully submitted,**

**/s/ Hector Ivan Diaz**

Hector Ivan Diaz

Pro Se

1315 Oakfield Drive Unit 320 Brandon FL 33511

Tel: 813-743-0209

Email: hectordiaz98@msn.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Complaint will be served upon Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.To:

ICE Inter Continental Exchange (formerly) Black Knight INC a.k.a Black Knight Financial Services

Human Resources:

Cheryl Kelly

And/or

Angela Voihgt

Located on:

601 Riverside Avenue Building 4

Jacksonville FL 32204

Counsel for the Defendants as follows:

Kelly Lynn DeGance, Esq.

kelly.degance@adblegal.com

mailbox@adblegal.com

wanda.dixon@adblegal.com

Samantha Giudici Berdecia, Esq.

samantha.giudici@adblegal.com

mailbox@adblegal.com

Loretta Zuniga

loretta.zuniga@jaxsheriff.org

Respectfully submitted,

/s/ Hector Ivan Diaz

Hector Ivan Diaz

1315 Oakfield Drive, Unit 320

Brandon, Florida 33511

Telephone: 813-743-0209

Email: hectordiaz98@msn.com

See Exhibit attached of several documents pertaining to hire date and job loss after FMLA leave approved, also Exhibits of Dismissed Lower Tribunal Case 016815 and Appeal filed thereafter.